**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00759-CR

———————————

**ALYSSA HUDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 331st District Court
Travis County, Texas[1]
Trial Court Case No. D-1-DC-11-301792

**MEMORANDUM OPINION**

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 17-9128 (Tex. Sept. 28, 2017); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2015) (authorizing transfer of cases).

Appellant, Alyssa Hudson, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of aggravated robbery.[2] The trial deferred adjudication of her guilt and placed her on community supervision for eight years. The State, alleging numerous violations of her community supervision, subsequently moved to adjudicate appellant's guilt. After a hearing, the trial court found several allegations true, found appellant guilty, assessed her punishment at confinement for five years, and certified that she had the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

---

[2] *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2015); *see id.* § 29.03 (Vernon 2011).

Counsel has informed the Court that he delivered a copy of the brief and motion to withdraw to appellant, informed her of her right to review the appellate record and file a response to counsel's *Anders* brief, and provided her a form motion for pro se access to the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to her counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable issue, counsel's brief notes that the trial court's written judgment does not accurately comport with the record in this case. The

hearing record on the State's motion to adjudicate reflects that the trial court found true the allegations that appellant failed to report to her probation officer on July 27, 2016, September 6, 2016, September 22, 2016, December 7, 2016, January 17, 2017, and "two other dates"; "prevented the probation officer from making home visits" on August 17, 2016, and December 13, 2016; left Travis County, went to Maverick County, and "got arrested on or about March 18th, 2017" and, on December 5, 2016, "was in possession or in the presence of K2 and other things that appeared to be related to criminal activity." The court did not make any findings as to the other allegations in the State's motion to adjudicate appellant's guilt.

When a trial judge's orally pronounced sentence conflicts with the subsequent written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). We have the authority to modify a judgment when we have the necessary information before us to do so. *Edwards v. State*, 497 S.W.3d 147, 164 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see, e.g., Turnbull v. State*, No. 03–11–00145–CR, 2013 WL 5966173, at *4 (Tex. App.—Austin Oct. 24, 2013, pet. ref'd) (mem. op., not designation for publication) (modifying judgment adjudicating guilt to reflect trial court's oral pronouncement of findings on allegations supporting adjudication). Accordingly, we modify the judgment to delete the trial court's findings that appellant violated the conditions of community supervision by "[f]ail[ing] to avoid the use of all narcotics, habit forming drugs,

4

alcoholic beverages, and controlled substances, as [she] submitted a positive urine specimen of methamphetamine on 08/03/15"; "[f]ail[ing] to submit a breath or urine specimen at the direction of the Probation Officer on 03/13/17"; "[f]ail[ing] to pay all costs required: Delinquent $35.00"; "[f]ail[ing] to pay Court Costs: Delinquent $105.00"; "[f]ail[ing] to pay Supervision Fees: Delinquent $350.00"; and "[c]ommitt[ing] the subsequent criminal offense, on or about the 17th day of January, in that [appellant], did then and there knowingly possess with intent to deliver a controlled substance, to-wit: Indazole, Methyl Methoxy Oxobutane, and Carboxamide and Indazole, Methoxy Dimethyl Oxobutaine, and Carboxamide in an amount by aggregate weight, including any adulterants or dilutants, of four grams or more but less than two hundred grams"; and "[c]ommitt[ing] the subsequent criminal offense, on or about the 18th day of March, 2017, in that [she] did then and there intentionally refuse to give [her] name to Christina Flores, a peace officer who had lawfully arrested [appellant] and requested the information." We further modify the trial court's judgment to reflect only the grounds orally pronounced by the trial judge: "fail[ing] to report to the Probation Officer on 7/27/16, 9/06/16, 9/22/16, 12/07/16, 1/17/17, 03/06/17, and 03/14/17"; "[f]ail[ing] to permit the Probation Officer to visit at home or elsewhere on 08/17/16 and 12/13/16"; and "[c]ommitt[ing] the subsequent criminal offense on or about the 5th day of December, 2016 in that [appellant], did then and there knowingly possess with intent

to deliver a controlled substance, to-wit: Indazole, Methyl Methoxy Oxobutane, and Carboxamide and Indazole, Methoxy Dimethyl Oxobutaine, and Carboxamide in an amount by aggregate weight, including any adulterants or dilutants , of four grams or more but less than two hundred grams."

We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.[3] Attorney Gary E. Prust must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.
Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).